## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CYNTHIA MARIE TURNER,           )
                                )
      Plaintiff,               )
                                )
    v.                          )          No. 4:11CV1379 SNLJ
                                )
BANK OF AMERICA HOME LOANS  )
and COUNTRYWIDE HOME LOANS, )
                                )
      Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Cynthia Turner for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against Bank of America Home Loans and Countrywide Home Loans.  Plaintiff alleges that in 2008 she attempted to refinance her home loan through defendants.  Plaintiff says they told her she was approved but that no documents were ever processed and the refinancing did not go through.  Plaintiff asserts that her home was later foreclosed upon.  Plaintiff believes that had her loan been refinanced, she may have been able to keep up with the loan payments.  Plaintiff says her neighborhood is predominantly African-American.

**Discussion**

"Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. See White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981). Here, plaintiff fails to allege facts sufficient to give rise to the inference that any private party defendants came to a mutual understanding with any state actors to violate her constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Furthermore, the complaint is legally frivolous because it does not allege a violation of the Constitution or federal law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th  day of September, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE